# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GUY JENKINS, )<br>)<br>Defendant. ) | No. 3:18-CR-158-PLR-DCP-2 |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on February 5, 2020, for a motion hearing on Defendant's pro se Motion to Substitute Attorney [Doc. 273], filed on January 27, 2020. Assistant United States Attorney Frank Dale represented the Government. Attorney Loretta Cravens appeared on behalf of Defendant, who was also present. CJA Panel Attorney Jonathan Cave was also present.

In his pro se Motion to Appoint New Counsel [Doc. 273], Defendant states that he has previously raised his concerns regarding his relationship with Attorney Cravens with the Court, and expressed further issues with the attorney-client relationship. Attorney Cravens stated to the Court that it was her opinion that the attorney-client relationship was irretrievably broken and they no longer retained the ability to communicate effectively. The Government stated that it takes no position on the pending motion.

Based upon the representations of Attorney Cravens and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause

exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's pro se Motion to Appoint New Counsel [Doc. 273] is **GRANTED**, and Attorney Cravens is **RELIEVED** as counsel of record for Defendant. Defendant is, however, **INSTRUCTED** that he is not allowed to file pro se motions on his own behalf while represented by counsel. At the end of the hearing, Attorney Cave agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Cave under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney Cravens is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Cave.

At the conclusion of the hearing, Attorney Cave made an oral motion to adopt the motion to continue the March 24, 2020 trial date file by Defendant Jones [Doc. 274].

Accordingly, it is **ORDERED**:

> (1) Defendant's Pro Se Motion to Appoint New Counsel [**Doc. 273**] is **GRANTED**;
>
> (2) Attorney Cravens is **RELIEVED** of further representation of Defendant and is **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and
>
> (3) Attorney Jonathan Cave is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA.
>
> (4) Defendant's oral motion to adopt Defendant Jones' Motion to Continue Trial and All Other Deadlines will be taken up by the Court at the hearing to be set on [Doc. 274].

**IT IS SO ORDERED**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

2